IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDMUND AWAH                        :
                                   :
                                   :
    v.                             :   Civil Action No. DKC 14-1288
                                   :
CAPITAL ONE BANK, NA               :
                                   :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this consumer case are the following motions: (1) motion to dismiss filed by Defendant Capital One Bank, N.A. ("Defendant" or "Capital One") (ECF No. 10); (2) motion opposing case removal and to remand filed by Plaintiff Edmund Awah ("Plaintiff" or "Mr. Awah") (ECF No. 12); (3) motion to defer ruling on the motion to dismiss, filed by Plaintiff (ECF No. 15); (4) motion for leave to amend the complaint filed by Plaintiff (ECF No. 16); and (5) motion requesting ruling on pending motions filed by Plaintiff (ECF No. 18). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiff's motion opposing case removal and requesting remand will be denied. Plaintiff's motion for leave to amend the complaint will be granted in part, and he will have fourteen (14) days to file a new amended complaint in accordance with this memorandum opinion. Defendant's motion to dismiss

will be denied as moot. Plaintiff's motions to defer ruling on the motion to dismiss and to adjudicate the pending motions will be denied as moot.

**I.   Background**

The litigation between the parties originates from a previous complaint filed by *pro se* Plaintiff in this court on March 7, 2013. *See Awah v. Capital One Bank NA*, Case No. 13-CV-00706 (D.Md. 2013). Plaintiff's complaint in that case stated that he had a line of credit with Capital One Bank and that the balance on the line of credit was $570.39 as of October 2011. Case No. 13-CV-00706, at ECF No. 1. Plaintiff stated that he made several check deposits to Defendant and instructed the bank to use the deposits to offset the balance. According to Plaintiff, Defendant did not credit his account with the check deposits, and instead filed a "derogatory report on Plaintiff's credit file." (*Id.*). Plaintiff alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). The court issued an order requiring Plaintiff to supplement the complaint. Plaintiff consequently filed a one-page supplement in which he asserted that the report filed in late 2012 "was derogatory because it was false and consequently impacted [] Plaintiff's credit file in a negative way." (*Id.* at ECF No. 5). Plaintiff further asserted that Defendant "harassed Plaintiff with

incessant daily telephone calls" and that the report was unlawful because it violated Section 1692.

Defendant then moved to dismiss the complaint for failure to state a claim, arguing that based on the face of Plaintiff's complaint, Capital One Bank is a "creditor" and not a "debt collector" and therefore outside the FDCPA's liability coverage. (*Id.* at ECF No. 8-1).  Plaintiff then moved to dismiss the case, writing that "[t]his matter will now be filed in state court as the federal court is not the appropriate forum."  (*Id.* at ECF No. 13).  The court issued a memorandum opinion and order on September 19, 2013 granting Plaintiff's motion and dismissing the case without prejudice.  (ECF Nos. 14, 15, 16).[1]

On April 16, 2014, Capital One Bank filed a notice of removal *in this case*, citing federal question jurisdiction as the jurisdictional basis.  (ECF No. 1).  Defendant attached a copy of the complaint Mr. Awah filed in the District Court of Maryland for Prince George's County.  (ECF Nos. 1 & 2).  The only allegation in the complaint is that "Defendant filed a derogatory report on Plaintiff's credit file.  The report was false, malicious and violated sections of U.S. Code 15 Section 1962."  (ECF No. 1-1, at 3).  Defendant subsequently moved to dismiss for failure to state a claim, again arguing that Capital

---

[1] The court issued an amended order denying as moot Defendant's motion to dismiss.

One is not a debt collector under the FDCPA. (ECF No. 10). Plaintiff was provided with a *Roseboro* notice (ECF No. 11), which advised him of the pendency of the motion to dismiss and his entitlement to respond within seventeen (17) days from the date of the letter. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) (holding *pro se* plaintiffs should be advised of their right to file responsive material to a motion for summary judgment).

In response to Defendant's motion to dismiss, Plaintiff submitted a motion in which he argues that Defendant improperly removed the action and that this matter belongs in state court. (ECF No. 12). Plaintiff "requests that the Court deny Defendant's removal and remand the case to the state court." (*Id.* at 2). Plaintiff then filed a supplement to his motion. (ECF No. 13). Defendant opposed Plaintiff's request to remand. (ECF No. 14). Plaintiff then submitted another motion in which he requests "that the Court defer ruling on Defendant's [m]otion to [d]ismiss until the Court decides on the outcome of Defendant's [r]emoval [p]etition." (ECF No. 15).

On June 4, 2014, Plaintiff moved for leave to amend his complaint, attaching a proposed one-page amended complaint. (ECF No. 16). Defendant opposed the motion. (ECF No. 17).[2]

---

[2] On December 11, 2014, Plaintiff filed a motion requesting a ruling on pending motions. (ECF No. 18). In light of the

4

**II. Analysis**

   **A.   Plaintiff's Motion to Remand**

Plaintiff asserts that this case was improperly removed from state court.  (*See* ECF Nos. 12 & 13).  Plaintiff believes that his original dismissal of Civil Case Number 13-706 and initiation of a new proceeding in state court asserting violations of the FDCPA cured the deficiency identified in Defendant's initial motion to dismiss – namely, that Capital One is not a debt collector within the meaning of the FDCPA (and that Plaintiff failed to allege as much in his complaint).  Plaintiff is mistaken.  Capital One argued in the original action – and argues again in the instant motion to dismiss – that it cannot be held liable for any violations of the FDCPA, *regardless* of whether the action is brought in federal or state court.  Thus, the fact that Plaintiff brought a virtually identical action in state court asserting the same cause of action under the FDCPA fails to cure the deficiencies Defendant identified in its original motion to dismiss in Case Number 13-706.

Plaintiff also argues that "[s]tate courts exercise broad jurisdiction, hearing cases arising from federal as well as state laws.  The filing of this matter in the state court is

---

issuance of this memorandum opinion, the motion will be denied as moot.

therefore proper." (ECF No. 13 ¶ 12). Under 28 U.S.C. § 1441(a), a defendant may remove a case filed in state court if the federal courts would have original jurisdiction over the case, however. "The removability of a case depends upon the state of the pleadings and the record and the time of the application for removal."[3] *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (quotations and citations omitted). As Defendant points out, at the time of removal, Plaintiff's complaint expressly indicated that his action was premised on alleged violations of the FDCPA – a federal statute.[4] Thus, the action was properly removed.

---

[3] Plaintiff also suggests that the court lacks subject matter jurisdiction because "Defendant failed to establish sufficient evidence of the jurisdictional threshold of $75,000 pursuant to Section 1332." (ECF No. 13 ¶ 20). The jurisdictional basis for removal is federal question, however, *not* diversity.

Plaintiff further argues that removal is improper because Defendant failed to serve on Plaintiff "a copy of all process pleadings, and orders" served in the state court action. (ECF No. 12 ¶ 8). The Notice of Removal filed by Defendant contains a certificate of service indicating that on April 16, 2014, Defendant served on Plaintiff via first-class mail copies of the Notice of Removal. (*See* ECF No. 1, at 4). In any event, 28 U.S.C. § 1446(a) does not contain any special service requirements. It requires the removing party to file a notice of removal containing a "short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon [the removing party]."

[4] Plaintiff indicates that he has already filed a motion with the state court to "change the violations of federal law to the violations of state law in the pleadings." (ECF No. 13 ¶ 13). Plaintiff's attempt to amend the complaint in state court

6

Following proper removal, Plaintiff moved for leave to amend the complaint in this court, indicating that he no longer asserts claims under the FDCPA, instead opting to proceed under the "Maryland Fair Debt Collection Practices Act." (ECF No. 16). Once the claim over which this court has original jurisdiction has been eliminated, the court has discretion to remand the remaining claims, over which it has supplemental jurisdiction, to the state court. *See* 28 U.S.C. § 1367(c)(3); *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001). Indeed, district courts in the Fourth Circuit "enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). Factors to be considered include the "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Id*. For the reasons explained below, Plaintiff will be permitted to file a new amended complaint. If the new complaint does not state a federal cause of action and Plaintiff's only viable claims pertain to Defendant's methods of

---

*following* removal to this court renders the filing in state court a nullity, however.

collection under the MCDCA, then the court may exercise its discretion and remand the case to state court.[5]

**B.  Plaintiff's Motion for Leave to Amend the Complaint**

As indicated above, Plaintiff moved for leave to amend the complaint in this court. (ECF No. 16). Rule 15(a)(1) permits a party to amend its pleading once as a matter of course within 21 days after serving it; or 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). The court should deny leave to amend only when "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (citation and internal quotation marks omitted); *Keller v. Prince George's Cnty.*, 923 F.2d 30, 33 (4th Cir. 1991) (upholding district court order denying plaintiff leave to amend his complaint to include claims that were barred by the

---

[5] Plaintiff also filed a motion in which he requests that the court defer ruling on Defendant's motion to dismiss until "the Court decides the outcome of Defendant's [r]emoval [p]etition." (ECF No. 15). Plaintiff's motion to defer will now be denied as moot.

applicable statute of limitations because such amendment would be futile). "An amendment is futile when the proposed amendment is clearly insufficient or frivolous on its face, or if the amended claim would still fail to survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)." *El-Amin v. Blom*, No. CCB-11-3424, 2012 WL 2604213, at *11 (D.Md. July 5, 2012) (internal citations and quotation marks omitted).

Plaintiff's proposed one-page amended complaint states that Defendant filed a derogatory report on Plaintiff's credit file in violation of "the Maryland Fair Debt Collection Practices Act (FDCPA) with respect to the following: (i) the debt amount indicated on the report was incorrect; (ii) failure to cease communication upon request; (iii) communication after debt validation." (ECF No. 16-1). It appears that Plaintiff now attempts to assert violations of the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law, § 14-201 *et seq*.

Defendant argues that "the amended complaint contains no cognizable facts upon which Plaintiff can base a claim. The sole new addition in the proposed [a]mended [c]omplaint is a non-existent statute, the 'Maryland Fair Debt Collection Practices Act,' and the [a]mended [c]omplaint does not contain any statutory references from which Capital One may determine the precise cause of action that Plaintiff apparently seeks to

assert." (ECF No. 17, at 4). Defendant believes that Plaintiff again fails to specify "what sort of report was filed, when it was filed, or who authored the report." (*Id.*). Defendant contends that insofar as Plaintiff attempts to assert a claim under the MCDCA, such claim is preempted by Section 1681t(b) of the Fair Credit Reporting Act ("FCRA"). (*Id.* at 5). Defendant argues that the crux of the proposed amended complaint is improper credit reporting by Capital One; Defendant avers that Sections 1681t(b)(1)(F) and 1681s-2(a)(1)(A) of the FCRA preempt any state law claims under the MCDCA related to the provision of credit information to consumer reporting agencies.[6]

Section 1681t(b)(1)(F) states, in relevant part:

> No requirement or prohibition may be imposed under the laws of any State
>
> (1) With respect to any subject matter regulated under --
>
> (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies.[7]

---

[6] Section 1681h(e) was intended to govern preemption of common-law claims while Section 1681t(b) was intended to govern preemption of state statutory claims. See *Beuster v. Equifax Information Servs.*, 435 F.Supp.2d 471, 474-79 (D.Md. 2006). Section 1681h(e) specifically references actions "in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information." It does not appear that Plaintiff asserts any common law claims.

[7] There are two exceptions to the preemption provision of Section 1681t(b)(1)(F): "this paragraph shall not apply: (i) with respect to section 54A(a) of chapter 93 of the

Under Section 1681s-2(a)(1)(A), a furnisher of information is prohibited from providing to a consumer reporting agency information he knows is not accurate. Similarly, Section 14-202(3) of the MCDCA states, in relevant part:

> In collecting or attempting to collect an alleged debt a collector[8] may not
>
> (3) Disclose or threaten to disclose information which affects the debtor's reputation for credit worthiness with knowledge that the information is false.

Insofar as Plaintiff alleges a violation of the MCDCA because Defendant reported false information on his credit report, "[b]oth § 1681s-2(a)(1)(A) and § 14-202(3) contemplate the prevention of knowing disclosures of false credit information to [consumer reporting agencies] because of the potential harm to an individual's creditworthiness." *Alston v. Equifax Information Services, LLC, et al.*, Civ. Action No. GLR-13-934,

---

Massachusetts Annotated laws (as in effect on September 30, 1996); or (ii) with respect to section 1785.25(a) of the California Civil Code (as in effect on September 30, 1996)." 15 U.S.C. § 1681t(b)(1)(F).

[8] The MCDCA defines a "collector" as a "a person collecting or attempting to collect an alleged debt arising out of a consumer transaction." Md. Code Ann., Com. Law, § 14-201(b). The statute's definition of a person includes corporations. *Id.* § 14-201(d). Although Defendant argues in its motion to dismiss that Plaintiff fails to allege facts that Capital One is a "debt collector" within the meaning of the FDCPA, Defendant does not make this argument with the respect to the MCDCA claim. The MCDCA contains a broader definition of "collector" than the definition of "debt collector" under the FDCPA. *See* 15 U.S.C. § 1692a(6) (defining "debt collector" under the FDCPA).

11

2014 WL 580148, at *5 (D.Md. Feb. 11, 2014). "Congress's intent in § 1681t(b) is clear that § 1681s-2(a)(1)(A) preempts any state law claims related to such knowing disclosures." *Id.* Accordingly, Plaintiff cannot state a claim under the MCDCA insofar as it is premised on Defendant's false reporting to a consumer reporting agency pursuant to Section 14-202(3) because his claim falls squarely within Section 1681t(b)(1)(F) and is preempted by the FCRA.

Moreover, Plaintiff has maintained throughout his filings that he is not asserting a federal cause of action, nor could he under the facts alleged.  As relevant here, the FCRA imposes duties on "furnishers of information" to credit reporting agencies.  15 U.S.C. § 1681s-2.  Any claim that Defendant was negligent in failing to report accurate information to a consumer reporting agency could only arise under Section 1681s-2(a), and is, therefore, unenforceable through a private suit. *See, e.g., Beattie v. Nations Credit Fin. Servs. Corp.*, 69 F.App'x 585, 589 (4th Cir. 2003) ("[T]he FCRA does not provide the Beatties with a private cause of action [for a violation of Section 1681s-2(a)(1)(A).]  More specifically, this particular statutory language may be enforced only by federal and state agencies and officials."); *Robinson v. Greystone Alliance, LLC*, No. BPG-10-3658, 2011 WL 2601583, at *3 (D.Md. June 29, 2011) ("[T]he FCRA expressly reserves the enforcement of § 1681s-2(a)

to federal and state officers."). The FCRA "explicitly bars suits for violations of § 1681-2(a), but consumers can still bring private suits for violations of § 1681s-2(b)." *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 149 (4th Cir. 2008) (*citing* § 1681s-2(c)). As for Section 1692s-2(b), Judge Messite explained in *Ausar-El v. Barclay Bank Delaware*, Civ. No. PJM 12-0082, 2012 WL 3137151, at *3 & n. 2 (D.Md. July 31, 2012):

> to bring a claim under § 1681s-2(b), a plaintiff must establish three elements: (1) that he or she notified the consumer reporting agency of the disputed information, (2) that the consumer reporting agency notified the defendant furnisher of the dispute, and (3) that the furnisher then failed to investigate and modify the accurate information. . . . *It would not suffice for [plaintiff] to have notified [defendant] himself; the notice must instead have come from the consumer reporting agency.*

(emphasis added).

Plaintiff has *not* alleged in any of his complaints that he notified a consumer reporting agency of a dispute regarding the accuracy of information reported to it, nor does he assert that Defendant was notified by the consumer reporting agency of a dispute such that it could have violated its duties pursuant to 15 U.S.C. § 1681s-2(b)(1). *See Rossman v. Lazarus*, No. 1:08cv316, 2008 WL 4181195, *7 (E.D.Va. Sept. 3, 2008) ("Because Plaintiff's Amended Complaint itself fails to allege

that [a creditor] received any notification from a consumer reporting agency indicating that Plaintiff disputed the completeness or accuracy of information provided to that agency, Plaintiff has failed to state a claim for relief under FCRA"); *Akpan v. First Premier Bank*, Civ. Action No. DKC 09-1120, 2010 WL 917886, at *3 (D.Md. Mar. 8, 2010) (dismissing complaint alleging violations of the FCRA where plaintiff did not include allegations sufficient to state a claim under 15 U.S.C. § 1681s-2(b)). As the proposed amended complaint stands, Plaintiff has not alleged facts sufficient to show that he is entitled to proceed under Section 1681s-2(b) of the FCRA.

Plaintiff does indicate in his amended complaint, however, that he objects to Defendant's failure to cease communication upon request and "communication after debt validation," although he does not include any other supporting factual allegations or point to any applicable provisions in the MCDCA. (ECF No. 16-1). The MCDCA "prohibits debt collectors from utilizing threatening or underhanded methods in collecting or attempting to collect a delinquent debt." *Bradshaw v. Hilco Receivables, LLC*, 765 F.Supp.2d 719, 731-32 (D.Md. 2011). More specifically, Section 14-202(6) of the MCDCA states that in collecting or attempting to collect an alleged debt, a collector may not "[c]ommunicate with the debtor or a person related to him with the frequency, at the unusual hours, or in any other manner as

14

reasonably can be expected to abuse or harass the debtor."  It does not appear that the FCRA preempts this section of the MCDCA.

As explained above, granting Plaintiff leave to amend the complaint to assert a claim under Section 14-202(3) of the MCDCA premised on Defendant's filing of a false consumer report would be futile because such claim is preempted by the FCRA. Plaintiff will be granted leave to file a new amended complaint within fourteen (14) days, however, considering that he also appears to be raising claims regarding Defendant's methods of collection under the MCDCA.  If the only claims raised in this new amended complaint pertain to Defendant's collection methods under the MCDCA – and Plaintiff does not raise any viable federal claims – then the court can exercise its discretion and remand to state court. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 729 (1966) ("Needless decisions of state law [by federal courts] should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading and applicable law.").[9]

---

[9] Because Plaintiff no longer asserts an FDCPA claim and has been granted leave to amend the complaint on limited grounds identified above, Defendant's motion to dismiss the initial complaint will be denied as moot.

15

**III. Conclusion**

For the foregoing reasons, Plaintiff's motion opposing case removal and requesting remand will be denied.  Plaintiff's motion for leave to amend will be granted in part.  Plaintiff will have fourteen (14) days to file an amended complaint in accordance with the memorandum opinion.  Plaintiff's motions to defer ruling on the motion to dismiss (ECF No. 15) and requesting adjudication of pending motions (ECF No. 18) will be denied as moot.  Defendant's motion to dismiss also will be denied as moot.  A separate order will follow.

                                        /s/
                              DEBORAH K. CHASANOW
                              United States District Judge