IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDMUND AWAH

      v.

CAPITAL ONE BANK, NA

      :
      :
      :   Civil Action No. DKC 14-1288
      :
      :
      :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this consumer case is a motion to remand filed by Plaintiff Edmund Awah ("Plaintiff" or "Mr. Awah") (ECF No. 36).  The issues have been fully briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion to remand will be denied.

**I.   Background**

The factual and procedural background of this case was set forth in a prior opinion, thus only those facts relevant to the instant dispute will be set forth here.  (*See* ECF Nos. 19 & 20).  Defendant Capital One, N.A. ("Capital One" or "Defendant") removed this action to this court on April 16, 2014, citing federal question jurisdiction.  Plaintiff's complaint alleged violations of the Federal Debt Collection Practices Act ("FDCPA") because Defendant allegedly filed a derogatory report on Plaintiff's credit file.  The court issued a memorandum

opinion and order on January 22, 2015, adjudicating Plaintiff's motion to remand, motion for leave to file an amended complaint, and Defendant's motion to dismiss.   (ECF Nos. 19 & 20).   The court noted that, at the time of removal, Plaintiff's complaint expressly indicated that his action was premised on alleged violations of the FDCPA, a federal statute, thus removal was proper.   (ECF No. 19, at 6).   Following removal, Plaintiff sought to amend his complaint, indicating that he no longer asserted claims under the FDCPA, instead opting to proceed to proceed under the "Maryland Fair Debt Collection Practices Act." (ECF No. 16).   The January 22, 2015 opinion allowed Plaintiff to file an amended complaint within fourteen (14) days.   The court observed: "If the new complaint does not state a federal cause of action and Plaintiff's only viable claims pertain to Defendant's methods of collection under MCDCA, then the court *may* exercise its discretion and remand the case to state court." (ECF No. 19, at 7-8) (emphasis added).

On February 9, 2015, Plaintiff filed an amended complaint, asserting violations of the MCDCA and requesting actual damages in the amount of $100,000 and $200,000 in punitive damages. (ECF No. 21).   Defendant answered the amended complaint on February 27, 2015 (ECF No. 22), and also filed correspondence, stating in relevant part:

Although the Amended Complaint contains only a claim based on the MCDCA, the Amended Complaint nevertheless establishes federal jurisdiction under 28 U.S.C. § 1332, which provides in relevant part that "district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between . . . citizens of different States . . ."

Plaintiff is a Maryland citizen. Capital One is a national banking association chartered under federal law with its main office located in Virginia, and is a citizen of Virginia for purposes of diversity of citizenship under 28 U.S.C. § 1332. . . . Moreover, Plaintiff seeks compensatory damages in the amount of $100,000, plus punitive damages in the amount of $200,000 (*see* Docket No. 21 at 3), which exceeds the $75,000 threshold required for diversity jurisdiction under 28 U.S.C. § 1332.

(ECF No. 23, at 1-2).  The court entered a scheduling order on March 2, 2015, implicitly deciding not to remand the supplemental state law claims.  (ECF No. 24).

On March 18, 2015, Plaintiff again sought leave to amend his complaint.  (ECF No. 30).  Defendant did not oppose the motion.  The court issued an order on April 6, 2015, allowing Plaintiff to file a second amended complaint.  (ECF No. 31; ECF No. 34, second amended complaint).  Plaintiff then moved to remand the action to state court.  (ECF No. 36).  Defendant opposed the motion (ECF No. 38), and Plaintiff replied (ECF No. 39).

3

## II.  Plaintiff's Motion to Remand

Plaintiff once again seeks to remand this case to state court.  This time, Plaintiff suggests that this court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000 and at the time this action was removed, Plaintiff sought only $10,000 in damages.  (ECF No. 36, at 1). Notably, after the court allowed Plaintiff to file an amended complaint in the January 22, 2015 memorandum opinion, he filed an amended complaint seeking $100,000 in actual damages and $200,000 in punitive damages.  (ECF No. 21).  In his second amended complaint, however, Plaintiff revised the *ad damnum* clause to remove a demand for any specific amount in damages: "Plaintiff demands judgment against Defendant for compensatory and punitive relief in an amount to be determined at trial plus costs, pre-judgment and post-judgment interest as the Court may deem appropriate."  (ECF No. 34, at 4).  Plaintiff explains: "Plaintiff did not possess the skill and aptitude to quantify damages accurately.  As a result, Plaintiff decided to allow the jury to make those determinations which may be lower than $75,000 and this fact was reflected in Plaintiff's Second Amended Complaint."  (ECF No. 35, at 3).

Plaintiff's motion to remand will be denied.  The propriety of the removal is not at issue here, considering that removal was premised on federal question jurisdiction.  As explained in

4

the January 22, 2015 memorandum opinion, "[t]he removability of a case depends upon the state of the pleadings and the record [at] the time of the application for removal." (ECF No. 19, at 6 (*quoting Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013)).   At the time of removal, Plaintiff had alleged violations of the FDCPA, a federal statute.   Plaintiff then sought to amend the complaint to add a state law claim under the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law, § 14-201 *et seq.*   Once the federal claim was dismissed, the court was free to exercise its discretion to maintain supplemental jurisdiction over the state law claim or remand to state court. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 729 (1966).   Consequently, Plaintiff was permitted to file an amended complaint to state a claim under the MCDCA on the limited grounds identified in the January 22, 2015 memorandum opinion, after which point the court would *consider* remanding.

Plaintiff suggests that the court lacks subject matter jurisdiction because he sought $10,000 in damages in the initial complaint – at the time the action was removed.   Removal was based on federal question jurisdiction, however, not diversity. There is no question that the court maintains subject matter jurisdiction over the claims and the only issue is whether it should exercise its discretion and remand.   Here, a scheduling

order has already been issued and the parties are well into discovery.  Accordingly, the motion to remand will be denied.

## III. Conclusion

For the foregoing reasons, Plaintiff's motion to remand will be denied.  A separate order will follow.


                                    /s/
                          _____
                          DEBORAH K. CHASANOW
                          United States District Judge